, Phillips *versus* Meily.

1. Parol evidence is not admissible to contradict or vary written instruments unless (1) there has been fraud, accident or mistake in the creation of the instrument itself, or (2) unless there has been an attempt to make a fraudulent use of the instrument in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed.

2. In a suit upon a promissory note the defence set up was that the note in suit was given as a memorandum or receipt for another note which the maker had taken from the plaintiff to collect for him. This was denied by the plaintiff, and the court allowed the jury to determine this question:

Held, that there was no evidence to show that the note was signed by the defendant upon the faith of any promise or assurance by plaintiff that he would not proceed to collect it, or use or treat it as a promissory

[Phillips v. Meily.]

note, and as, on the contrary, defendant's evidence only showed that the note had been made and delivered without anything being said by either party as to the use to which it was to be applied, but merely that the note was not to be paid according to its terms, but only upon the contingency of plaintiff's failure to collect another note, the evidence was not admissible as a defence.

3. The evidence in the above case, on behalf of the defendant, consisted of his unsupported oath, which was contradicted by the plaintiff's oath, and the persuasive evidence furnished by the note itself. There was no evidence which would have warranted a chancellor in reforming the note. The case should therefore not have been submitted by the court to the jury, but the court should have directed a verdict for plaintiff.

106　　536
f 27 SC ²203
27 SC ³379
106　　536
29 SC ²148

106　　536
215　　³649

106　　536
34 SC ³ 83

106　　536
d220　　³289
35 SC ¹438

May 8, 1884.　Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lebanon county :* Of January Term, 1884, No. 383.

Assumpsit, by John Phillips against George F. Meily, upon a promissory note for $3,000, drawn by defendant to the order of plaintiff.

On the trial, before McPHERSON, J., the plaintiff testified, inter alia, in substance, that in December, 1874, he took to the defendant, Meily, a note which he held against the Union Forge Company, which note had been originally made to his son for a book account, and transferred to the father in part payment of some real estate purchased from him ; that Meily purchased this note, giving in payment the note in suit.　The plaintiff admitted a credit of $45, paid on account.

On the other hand, Meily testified, in substance, that about April, 1874, Phillips came to him and told him that he held a note against the Union Forge Company, and wanted to pass it out of his hands for collection ; that he had dealt largely with the company ; that they had been kind to him, and that he did not wish to distress them ; that they were solvent, but that he wanted his money out of them ; that because he was out of business they knew that he did not need his money and that they would not pay him ; and that he had thought of defendant as a proper person in whose hands to place the note, they knowing that he (defendant) was in business and needed the money, and that they would pay him sooner than they would pay him (the plaintiff).　That he then agreed to take note from plaintiff for collection, and asked the plaintiff to indorse it.　That it occurred to him then that the plaintiff ought to have something to show for what he had received of him (plaintiff), and suggested to him that he would give him his note, payable April 1, 1875, with interest from maturity of the Forge Company note, so as to extend the time of payment of the note, beyond the maturity of said Forge Company note,

in order to give him time to collect it and pay it over to the plaintiff.

That the plaintiff requested him that he should let the Forge Company know as soon as possible, that he held their note, but that he should not let " Morris or the boys " (members of the company) know of the arrangement they had between them, for if he did, they would not pay it. That after he had the note he notified the company that he held it, and requested payment when it became due ; forty-five dollars was paid on it, and a renewal note taken for sixty days ; this was done with the knowledge and consent of plaintiff ; the renewal note was not paid at maturity, but went to protest ; nor has it been paid since ; that the forty-five dollars received by him, he paid to plaintiff and indorsed it on the note. That said Forge Company failed in May or June, 1875, and all its property was sold, and nothing was paid on the note.

That between April, 1875, and 1878, he had dealings with plaintiff every year, and received money from him, and that he never said anything about the note or interest until some time in 1878 or 1879, when he said to him the note was nearly outlawed, and wanted a new note, and claimed that said note was purchased by him.

The plaintiff presented, inter alia, the following points :

3. " When suit has been brought against the maker of a negotiable promissory note, the defendant (if a man of intelligence, and by whom the note was drawn) cannot relieve himself from liability by swearing that the note was never intended as evidence of a debt, but simply as an acknowledgment that he had received a note of equal amount from the payee for collection, when the note is supported by the oath of the payee. To allow a written promise to pay, under such circumstances, to be set aside upon such evidence, would be dangerous to the rights of parties. In such case, the evidence of the defence is not so clear, precise and certain, as to remove all doubt and hesitation.

4. " The evidence offered by the defendant is not sufficient to make out a defence, and the verdict of the jury, therefore, must be in favor of the plaintiff."

Answer. The third point substantially, and the fourth point directly, ask us to instruct the jury that, as matter of law, the plaintiff is entitled to a verdict. This we cannot do ; the question is for the jury, to be determined upon the legal principles we have stated in the charge and answers to the points.

The defendant presented the following points :

1. If the jury believe that the defendant was induced to give the note in suit to the plaintiff for a note held by him

[Phillips *v.* Meily.]

against the Union Forge Company, and transferred by him to the defendant, with the express understanding that the note in suit was not to be paid until said Forge Company note was collected by him, and the defendant failed to collect the same, then the plaintiff cannot recover, and the verdict must be for the defendant.

2. If the jury believe that the note in suit was delivered to John Phillips, the plaintiff, by the defendant, George F. Meily, simply as something to show up for another note, which other note was against the Union Forge Company, and which was delivered to the said defendant by the plaintiff, for collection only, and with the understanding and agreement between the parties that the defendant should not be liable except for what was actually collected on said Forge Company note, and no money was collected, except what was paid over to the plaintiff, the plaintiff cannot recover, and the verdict must be for the defendant.

3. If the jury believe that the note in suit was given with the understanding that it was not to be paid until another note transferred by the plaintiff to the defendant, made by the Union Forge Company, for $3,000, and payable to the order of H. C. Phillips, should be collected by the defendant, and that the defendant failed to collect the same, then the plaintiff cannot recover, and the verdict must be for the defendant.

4. If the jury believe that the note made by the Union Forge Company, dated April 1, 1874, for $3,000, payable nine months after, to the order of H. C. Phillips, and transferred by him to the plaintiff, and given to the defendant for collection, and the defendant gave the note in suit therefor, and the defendant failed to collect the same, then the plaintiff cannot recover on the note in suit, and the verdict must be for the defendant.

5. If the jury believe that the Union Forge Company note was given by the plaintiff to the defendant, George F. Meily, only for the purpose of having it collected from said Forge Company, and said company failed to pay said note to said defendant, the plaintiff cannot recover, and the verdict must be for the defendant.

Answer. These points are much alike, and we answer them together, as follows: If the jury are clearly convinced from the evidence, beyond hesitation and doubt, that the note held by Mr. Phillips against the Forge Company, was transferred to Mr. Meily for collection only, and was not sold to him, and that in consequence thereof, and induced thereby, he gave the note in suit, the plaintiff cannot recover. If the jury are in doubt upon this subject, the note must stand, and be en-

[Phillips *v.* Meily.]

forced as it is written.   We also refer the jury to the general
charge for fuller instructions.

The court, after referring to the testimony of the plaintiff
and defendant respectively, charged the jury as follows :

Now, you must decide, from all the evidence in the case,
looking at it in whatever light the transactions throw upon it,
which of all these allegations is true.   If the allegation of the
plaintiff is true, and the note was sold to Mr. Meily, under the
circumstances detailed by the plaintiff, the fact that he was
not able to collect anything upon it, is no defence ; if he
bought the paper he took the risk; if he failed to collect it, it
is of no consequence here.   If he bought the Forge note and
paid for it, giving his note in payment for it, he must now pay
his note.   [On the other hand, if he did not buy the note, but
if, as he says, it was simply transferred to him for collection,
and the note in suit was given to Mr. Phillips as a memoran-
dum, in the way and for the purpose detailed to you, then to
allow a recovery on that note, as if it was an absolute transac-
tion, would be such a fraud as the law would not tolerate, and
as juries would not enforce.]   So it is a question on the evi-
dence, and a matter for you to determine ; and as such we sub-
mit the case to you upon the evidence.

Now, the principles upon which you are to determine it, are
well settled, as we understand it.   When parties put their en-
gagements in writing, the writing is not to be lightly set aside.
It is the best evidence of the transaction, and in many instan-
ces, it is the only evidence which the law allows to be given ;
it is the only evidence, except in cases of fraud, accident or
mistake, speaking generally.   [In such cases as the present,
evidence by word of mouth is received to establish an allega-
tion that the instrument is being used for a different purpose
from that for which it was originally given.]   But that evi-
dence must be clear and positive.   It must clearly convince
the jury of its truth, and it must convince the jury beyond
hesitation or doubt.   If, after looking at all the evidence
in the case—after taking into consideration the testimony
of the parties, and the testimony of the note itself, which
is an absolute promise to pay upon its face—if you have any
hesitation or doubt as to the defence which has been set
up, it will be your duty to find in favor of the plaintiff, for the
burden of proof is upon the defendant, to show by clear and
positive testimony that the note, which, upon its face, appears
to be a positive promise to pay, is not to be enforced.   If par-
ties do not put their true engagements in writing, they must,
of course, suffer the consequences.   If they put in writing a
transaction which they afterwards say was not the true trans-
action, they must be content to sustain the burden of showing

[Phillips *v.* Meily.]

to the jury, under legal principles, what the true character of the transaction was. And the law has said, and has said very wisely, that where a contract is in writing, plain, and clear, and simple, upon its face, as this one is, that before it can be overturned, the evidence must be of the character described to you—clear, convincing and positive; clearly convincing the jury, beyond hesitation and doubt. Of course, that does not mean that there shall be no contradictory evidence in the case; it does not mean that all the witnesses shall testify in one way; it means that the evidence given in support of the defence, if believed by the jury, must be of the character that I have indicated—clear, positive, and clearly convincing.

You must apply those principles to the determination of this case, in view of the evidence. If, upon the evidence, by those principles, you are left in doubt and hesitation, then we say to you that the note must stand—it must be enforced.

Verdict for defendant, and judgment thereon. The plaintiff took this writ of error, assigning for error the answers to the above points, and the portions of the charge inclosed within brackets.

*Josiah Funck* and *Grant Weidman,* for the plaintiff in error. —A writing cannot be varied, altered, or contradicted by parol evidence, except in clear cases of fraud, accident, or mistake, and such fraud, accident, or mistake must exist in securing the execution of the written contract: Thorne et al. *v.* Warflein, 4 Out., 519; Kostenbader *v.* Peters, 30 P. F. S., 438; Graver *v.* Scott, Id., 88; Caley *v.* Phila. & Chester County R. R. Co., Id., 363. If evidence to contradict a writing is admitted and it is insufficient to establish fraud, accident, or mistake, it is the duty of the court to withdraw it from the jury: Miller *v.* Smith, 9 Casey, 394; Juniata Building & Loan Association *v.* Hetzel, 7 Out., 517.

The evidence in this case was wholly insufficient to submit to the jury, and the court should have directed a verdict for the plaintiff. The defendant's testimony amounts to no more than the assertion that the note he gave was not to be paid, as provided by its terms, but upon the contingency that he should be able to collect another note from the Union Forge Company. That such evidence is not admissible, and is no defence, is shown by the following authorities: Hill *v.* Gaw, 4 Barr, 493; Heist *v.* Hart, 23 P. F. S., 286; Anspach *v.* Best, 2 P. F. S., 356; Hacker *v.* The National Oil Refining Company, 23 P. F. S., 93; Rodgers *v.* Donovan, 36 Leg. Int., 156; Wagner *v.* Wright, 10 W. N. C., 483.

*Jno. Benson* (*C. P. Miller* and *George B. Shock* with him),

for the defendant in error.—Where an instrument in writing is attempted to be used in a manner not contemplated by the parties at the time of making, it is as much a fraud by the party who is to be benefited, as if the paper had been originally obtained by fraudulent means; and parol testimony to show the purpose for which it was made is competent: Hoopes *v.* Beale, 9 Norris, 82; Parke *v.* Chadwick, 8 W. & S., 98; Renshaw *v.* Gans, 7 Barr, 117; Thompson *v.* White, 1 Dallas, 424; Miller *v.* Henderson, 10 S. & R., 290; Greenawalt *v.* Kohne, 4 Norris, 369; Graver *v.* Scott, 30 P. F. S., 94.

The evidence of one witness, if up to the standard of proof, as was the defendant's in this case, is sufficient: Shaffer *v.* Clark, 9 Norris, 94; Prowattain *v.* Tindall, 30 P. F. S., 295; Harvey *v.* Harvey, 2 Ch. Cas., 82; Flattery's Appeal, 7 Norris, 27.

Mr. Justice PAXSON delivered the opinion of the court, June 9, 1884.

This was an action of assumpsit upon a promissory note. The note was not only signed, but drawn by the defendant and delivered to the plaintiff. It was in the usual form of a promissory note, whereby the defendant promised to pay to the order of the plaintiff, one year after the date thereof, three thousand dollars, with interest from January 1, 1875. The note was dated April 1, 1874.

The defence was that the note was given for a note of like amount, placed by the plaintiff in the hands of the defendant for collection, and was not to be paid unless the note so handed to the defendant was collected by him; in other words, that the note, instead of being an obligation for the payment of money, was intended as a mere receipt or memorandum, and was not to be enforced according to its terms, unless the defendant succeeded in collecting the note which had been placed in his hands as above stated.

The jury found for the defendant, and the question for this court is whether the evidence was sufficient to submit to them. If it was, we find nothing to criticise in the manner of its submission.

The case rested upon the testimony of the parties, plaintiff and defendant. The latter testified distinctly and clearly to the fact that the note was given for the purpose claimed by him, and for no other. The plaintiff testified quite as distinctly that he sold the Forge Company's note to the defendant, and took the note in suit in payment therefor. The corroborating circumstances are of little weight, and incline about as much to the one side as the other.

It will thus be seen that the note in suit, supported by the

[Phillips v. Meily.]

oath of the plaintiff, was allowed to be overcome by the mere oath of the defendant in a case in which there was neither allegation nor proof of fraud, accident or mistake in the execution and delivery of the note. If this was according to law it must stand, however suggestive it may be of peril to the holders of such securities.

The English rule that parol evidence is inadmissible to vary the terms of a written instrument does not exist in this state. The cases are numerous upon this point; it is sufficient to refer to Kostenbader v. Peters, 80 P. F. S., 438. It would perhaps be more accurate to say that the rule has been relaxed, for the guards which this court has thrown around the modification of the rule have to some extent preserved the rule itself. In the present condition of the law of evidence, public policy requires that we should do nothing to increase the facilities for destroying written instruments. As was well observed by our brother TRUNKEY in the recent case of Juniata Building and Loan Association v. Hetzel, 7 Out., 507 : "Now that parties are competent witnesses, each may oppose his oath to the others, and certainly when written contracts or obligations are sought to be impeached by defences purely equitable, the reason is stronger than formerly for enforcing the rules of evidence applicable to cases in equity."

The cases in this state in which parol evidence has been allowed to contradict or vary written instruments, may be classed under two heads : 1st. Where there was fraud, accident or mistake in the creation of the instrument itself, and 2d. Where there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed. To the latter class belong Renshaw v. Gans, 7 Barr, 117 ; Rearich v. Swinehart, 1 Jones, 233, and Lippincott v. Whitman, 2 Norris, 244. The case last cited was a scire facias upon a mortgage, which by its terms was payable in one year. The defendant filed an affidavit of defence in which she set forth that she had agreed to give a mortgage payable in three years; that when she came to sign the papers she discovered that it had been made payable in one year; that she objected to signing it for this reason, and was only induced to do so upon the plaintiff's assurance that he would not foreclose until the expiration of three years. Having sued it out at the expiration of one year, this court held that it was a fraud to attempt to enforce it at that time. Here there was an oral stipulation without which the paper would not have been signed. The same is true of Hoopes v. Beale, 9 Norris, 82, and nearly, if not quite, all of the cases cited for defendant. There is not a word to show that the

[Phillips *v.* Meily.]

note in controversy was signed by the defendant upon the faith of any assurance or promise on the part of the plaintiff that he would not proceed to collect it, or use or treat it as a promissory note. On the contrary, the defendant, when he received the note of the Forge Company, of his own motion drew up, signed and delivered to the plaintiff the note in suit without anything being said by either party as to the use to which it was to be applied. The defendant's testimony amounts to no more than that the note was not to be paid according to its terms, but only upon the contingency that he should be able to collect another note from the Union Forge Company. That such evidence is no defence was decided in Hill *v.* Gaw, 4 Barr, 493 ; Anspach *v.* Best, 2 P. F. S., 356 ; Hacker *v.* The National Oil Refining Company, 23 P. F. S., 92; Heist *v.* Hart, Id., 286.

There is, however, another and more serious difficulty, in the way of the defendant. The defence set up, if it amounts to anything, must be sufficient to reform the note, and the evidence must be strong enough to justify a chancellor in doing so. It is only where a chancellor would reform the instrument that parol evidence is admissible to contradict it. It is true, under our practice in Pennsylvania, it is accomplished through common law forms. But the fact remains that the defence set up is purely equitable, and the Judge ought not to submit the case to the jury unless the evidence is such that he would feel himself bound as a chancellor to reform the instrument. With our modification of the English rule, now too firmly embedded in our system to be disturbed, and our Act of Assembly which makes every defendant a competent witness, the principle above stated is about all there is left to preserve the sanctity and force of an instrument of writing, whether that instrument be a deed, which is the evidence of a man's title to his home, or an obligation for the payment of money.

Here, in addition to the plaintiff's oath, we have the persuasive evidence furnished by the note itself. Both are brushed away by the oath of the defendant. No chancellor would reform a writing upon such testimony as is here presented. The rule is that a chancellor invariably refuses to decree on the uncorroborated testimony of a single witness: Brawdy *v.* Brawdy, 7 Barr, 157. The learned Judge should have withdrawn the case from the jury by a binding instruction to find for the plaintiff.

Judgment reversed and a venire facias de novo awarded.