# GEORGE D. SYLVIUS v. JOHN KOSEK.

## ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 4, 1887—Decided Oct. 3, 1887.

1. To reform a written contract on the ground of fraud, evidence that it
was fraudulently misread to the defendant when he signed it, by a third
person to whom it was entrusted merely for the purpose of delivery, is
insufficient.

2. When a written contract is sought to be impeached by a defence in the
nature of a bill brought to reform it on the ground of fraud, the evi-
dence of the fraud, to justify its submission to the jury without binding
instructions, must be clear, precise and indubitable and sustained by
two witnesses or by one witness corroborated by circumstances equiva-
lent to another.

3. Murray v. Railroad Co., 103 Pa. 37; Phillips v. Meily, 106 Pa. 536;
Juniata B. Ass'n v. Hetzel, 103 Pa. 507, followed.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT,
GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 430 January Term 1886, Sup. Ct.; court below, No. 285
November Term 1882, C. P.

### Statement of Facts.

This was an action in assumpsit by George D. Sylvius against John Kosek, to recover the contract price for the erection of tenement-houses. The pleas were non assumpsit, payment with leave, etc., tender.

The plaintiff, Sylvius, made out his case in chief by evidence of performance of the following agreement:

This agreement, made this 1st day of June, A. D. 1882, between Geo. D. Sylvius of the city of Wilkes-Barre and John Kosek of the same place, Witnesseth that for a consideration hereinafter named that the above named Geo. D. Sylvius agrees to furnish all material and labor necessary and erect or build eight small tenement houses, 16 ft. by 24 ft. in size and 16 ft. high, with rough hemlock board enclosing and battined with 1 by 3 hemlock battins. With surfaced hemlock (cheap or plain) cornice. With a one story addition or kitchen in the rear with a lean-to roof. Said buildings to have ten windows each with 8 by 10, 12-light windows each. Also two outside doors 2 ft. 8 in. by 6 ft. 8 in. and five inside doors 2 ft. 6 in. by 6 ft. 6 in. Also one flight of stairs each. Also to be furnished with two chimneys each.

In consideration of which the above named John Kosek agrees to well and truly pay to the said Sylvius the sum of three hundred and twenty ($320.00) dollars for each and every house until the eight houses have been paid for, in manner and time as follows: One half of the whole amount (which sum is twenty-five hundred and sixty ($2,560) dollars) or twelve hundred and eighty ($1,280) dollars when the fifth house is completed and the balance in ninety days thereafter.

Witness our hands this 1st day of June, 1882.

[Signed]      JOHN KOSEK,
GEO. D. SYLVIUS.

On the part of the defendant it was sought to defeat the recovery of the contract price, upon the ground that a material part of the verbal agreement was fraudulently omitted to be inserted in the written agreement to be executed, and that, in order to complete the buildings as was contemplated by the true contract between the parties, the defendant had expended $1,050, which he claimed should be deducted from the plaintiff's claim.

At the close of the case on the evidence the plaintiff renewed a motion, which he had previously made, to strike out all the testimony that had been offered for the purpose of modifying by parol the written contract that had been put in evidence, for the reason that the defendant had utterly failed to connect the alleged representations of Roushey in any way with Mr. Sylvius and thereby had failed to produce any evidence of fraud and had not filled their offer.

The court: We are of the opinion that this case presents a question to be submitted to a jury with proper instructions from the court, and is not a case to be taken from the jury, entirely, by the court. Therefore the motion to strike out all the evidence of the defendant in regard to the alleged fraud is denied.[8]

The nature of the defence made and the character and effect of the testimony to support it, sufficiently appear from the charge to the jury and the answers to the plaintiff's points by STANLEY WOODWARD, J.:

This is an action of assumpsit brought by George D. Sylvius against John Kosek, to recover the contract price for furnishing the materials and doing the work in the construction of a row of tenement houses, eight in number. The claim of the plaintiff in this suit is founded upon a written contract, which has been put in evidence, read in your hearing, and examined by you. Therefore I do not read it now. The plaintiff having shown this contract, and proved that he has complied with the terms of it, and has completed his obligations under it, and further, that he has demanded from the defendant payment, according to its terms, and that said payment has not been made, now asks from you a verdict for the amount due, with interest. Of course if the case rested here, the plaintiff would undoubtedly be entitled to a verdict for the full amount of the contract. The defendant, however, claims that the verdict should be for a less sum; and to establish this claim undertakes to prove certain facts which he claims amount to a defence against a portion of the money.

Under the evidence of the defendant, it seems that he was first introduced to the plaintiff, Sylvius, as a builder, by a man named Roushey; that shortly after this introduction Sylvius and Kosek came together, and an agreement was arrived at

between them for the erection of this row of houses. It is alleged by the defendant that part of this agreement was that these houses were to be finished with what may be called a wainscoting or ceiling, in lieu of plastering, similar to certain houses owned by Mr. George Parrish, and located near what are known as the Empire mines. It was further understood and agreed that the plaintiff was to put this agreement in writing and send it up to the defendant to be executed, and further, that security was to be given to the defendant for the faithful performance by Sylvius of his duties under the contract. On the following day, Roushey came to the plaintiff's store or near there, bringing the contracts with him and another paper, known in the case as the guarantee. They repaired to a saloon to transact the business. The defendant says he asked Roushey to read the contract to him as he was not sufficiently familiar with English writing to read it himself; that Roushey did read it, and that he, Kosek, then and there signed it, took it home and put it in his safe. The plaintiff proceeded with the work, and about the time the first of these houses was finished, Kosek discovered that the walls were not being ceiled or wainscoted as he supposed the contract provided for. He then ordered the plaintiff to stop work on the ground that it was not being done correctly, and offered to pay for what had already been done. Plaintiff, however, did not stop work, but went on and completed all of the houses, as he alleged, according to the contract, in a similar manner to the first one. Kosek further claims that it cost him some $1,050 afterwards to have these houses wainscoted or ceiled, as he intended to have them originally. Mr. Boyle is called also for the defendant, and he corroborates the testimony of Kosek to some extent, more especially in regard to a conversation between Kosek and Sylvius prior to the making of the contract, this conversation having reference, among other things, to the lining or ceiling of the houses, which ceiling was to be, according to this witness's testimony, similar to that of Mr. Parrish's houses. He further states that Sylvius said he would build them in this way if he, Kosek, wished it.

The plaintiff in answer to this evidence on the part of the defendant, calls in rebuttal Matthew Roushey, who states that he took the contract and papers to Kosek, but denies that

Kosek asked him to read the contract, denies that he did read it to him, or that he has ever read it at all himself. He further states that Kosek, when they met, simply inquired for pen and ink, and apparently without reading the contract at all, affixed his signature to it. Mr. Ryman also is called for the purpose of contradicting Mr. Kosek in reference to Mr. Ryman being present at a certain conversation on this subject which the defendant testified to.

Now, gentlemen, so far as the law of this case is concerned, it is the duty of the court to explain it to the jury, and we say to you as matter of law that where parties without any fraud practiced, or without any mistake, have put an agreement in writing, that writing is to be considered their solemn contract, and to express their meaning on the subject matter involved. It is further our duty to say to you that as a general rule it is not admissible to contradict or vary the terms of a written contract or agreement by parol or verbal testimony. This is the general rule. It has certain exceptions, however. In cases of fraud, accident or mistake, the rule is different. Wherever equity would set aside or reform an instrument on either of these grounds, then parol evidence is admissible to contradict or vary the terms of the agreement as it is written. But we say further, in the same connection, that the evidence of fraud, where fraud is alleged, should be clear, precise, distinct and indisputable; that fraud is not to be presumed, but must be proven like any other fact in the case, by the evidence and the weight of the evidence. Therefore we say to you in the present case, that if you believe this contract in evidence was prepared according to agreement, and John Kosek signed it, and the work was done agreeably to its terms, then Kosek having accepted and taken possession of these houses upon their completion, should pay for them the contract price, and your verdict should be for the plaintiff for the full amount of the contract price, with interest, a statement of which will no doubt be furnished you by the counsel. But on the other hand we say to you, that [if you believe from the evidence that the terms of the agreement between Sylvius and Kosek were that these houses were to be wainscoted or ceiled in the manner described; that Sylvius was to put this agreement in writing; that he did not write that provision in the agreement

in regard to the ceiling or wainscoting of the houses, and sent the papers by Roushey, together with the guarantee paper, to be signed; that Kosek, being unable to read English, asked Roushey to read the contract to him; that Roushey read it to him, not as it was written, but as if it contained a clause in regard to the ceiling, and that Kosek was thereby deceived, and signed the paper under a mistake as to its contents, and was thus the victim of a fraud; then it was not his contract, and from the verdict which the plaintiff would otherwise be entitled to, should be deducted what it has fairly cost to put in this ceiling or wainscoting as shown by the evidence.][6]   As we understand it, the law is this: Where certain facts are misstated to a person to induce him to sign a paper, the contents of which paper he knows, he may, under certain circumstances, be held responsible and liable.   But that is a different case from one which rests on a misrepresentation of the contents of a paper made to an illiterate person, or a person who cannot read the language.

What else we have to say to you in this case can be said in connection with the points submitted by the plaintiff.

1. If the defendant was unable to read the contract in suit, it was his duty to have it read for him, and a failure on his part so to do would be such negligence as would make him liable under the contract.

That point we affirm.

2. Before the defendant can be relieved of his obligation under the contract declared upon, he must show clearly that a fraud was committed on him by the plaintiff at the time of its execution.

That point we affirm.

3. In order to bind the plaintiff by the alleged representations made by Roushey at the time of the execution of the written contract, it must be shown affirmatively that Roushey had authority from the plaintiff to make such representations, and the burden of proof in this case is on the defendant, who seeks to take advantage of those representations.   The simple testimony that Roushey was authorized to take this contract to Kosek to be signed, is not sufficient evidence to establish that authority.   There being no other evidence in this case tending to establish or prove such authority, the jury must

find as matter of fact that none existed, and the plaintiff Sylvius is not bound by the representations alleged to have been made by Roushey.

We cannot say to you, gentlemen, in the language of the point, that there is no other evidence in the case than that alluded to. In its length and breadth we cannot affirm this point; it is therefore disaffirmed.[9]

4. It being the uncontradicted evidence in the case that Roushey's authority was to deliver the contracts to Kosek, and that if read at all such reading was at the request and by the direction of Kosek, this constitutes and makes Roushey the agent of Kosek, and nothing that may have been said or done by Roushey so acting can in any way bind the plaintiff.

That point we decline to affirm. For further answer we refer to the contents of the general charge.[10]

5. The check offered in evidence was not a valid tender of payment to the plaintiff, and must not be regarded as such by the jury.

That point we affirm.

With these instructions, gentlemen, we leave the case in your hands.

The plaintiff excepted to the charge of the court and the answers to his points, under which charge and answers the jury found for the plaintiff the sum of $1,799.92, being the contract price less $1,050 paid by the defendant to have the houses wainscoted. Thereupon the plaintiff took this writ and, so far as they relate to the questions passed upon in this court, the assignments charged as error:

6. That part of the charge embraced in [ ][6]

8. The refusal to strike out the evidence offered by defendant to vary the written contract.[8]

9. The answer to the plaintiff's third point.[9]

10. The answer to the plaintiff's fourth point.[10]

11. The failure to direct a verdict for the plaintiff for the full amount of the contract price.

*Mr. J. V. Darling* (*Mr. E. P. Darling* and *Mr. Wm. Penn Ryman* with him), for the plaintiff in error:

The court below permitted the verdict upon the uncorroborated testimony of the defendant and against the direct testimony of the plaintiff and another and disinterested witness.

1. The testimony of the defendant himself and alone, apart from the direct contradictions of it by both Sylvius and Roushey, is insufficient to justify a chancellor in overturning the written contract on the ground of fraud; or, for that matter, on any other ground.   In such cases the court must pass upon the facts as well as the law: Brawdy v. Brawdy, 7 Pa. 159; and the evidence requisite to reform a written instrument on the ground of fraud must be clear, precise and indubitable: Murray v. Railroad Co., 103 Pa. 37; Bentley v. Mackey, 31 L. J., Ch. 709.

2. Equity can be administered in actions in the law courts, but the rules of evidence in an equity case and in a case at law must not be confounded: Juniata B. Ass'n v. Hetzel, 103 Pa. 507.   Unless there be such testimony as a chancellor could consider upon a question of this nature, it ought not to be submitted to a jury: North & W. B. R. Co. v. Swank, 105 Pa. 555; Thorne v. Warfflein, 100 Pa. 519; Phillips v. Meily, 106 Pa. 536.   This defence must be regarded as a bill in equity to reform the written contract on the ground of fraud, and it must be established by the evidence of two witnesses, or of one witness corroborated more or less strongly by circumstances, according to the nature of the case: Adam's Eq. 363; Audenreid's App., 89 Pa. 120; Martin v. Berens, 67 Pa. 459; Juniata B. & L. Ass'n v. Hetzel, 103 Pa. 507.

*Mr. John T. Lenahan*, for the defendant in error:

The attempt to deny that Roushey was the agent of Sylvius in consummating the written contract can be based only on an utter disregard of the evidence.   Plaintiff cannot now insist on the acceptance of such acts of Roushey as are beneficial to him and reject those which prove disadvantageous: Lycoming Fire Ins. Co. v. Woodworth, 83 Pa. 223; Jones v. National B. Ass'n, 94 Pa. 215; Musser v. Hyde, 2 W. & S. 314.

Kosek being unable to read the contract himself requested the plaintiff's agent to do so for him, and he having designedly misled Kosek as to its contents, Kosek should be relieved of the fraud: Jackson v. Hayner, 12 Johns. 469.

OPINION, MR. JUSTICE STERRETT:

In response to the prima facie case presented by plaintiff's evidence, including the written contract on which the action

is grounded, defendant undertook to prove that an important provision of their verbal agreement in relation to building the houses was fraudulently omitted from the written contract prepared in duplicate by plaintiff and submitted to him for his signature. He testified in substance that plaintiff having verbally agreed to build the houses for a fixed sum, including wainscoting in lieu of plastering, undertook to prepare and send him for execution duplicate copies of their agreement, embodying that and all other provisions thereof; that, instead of doing so, he wrote and sent by the hand of Roushey duplicates from which the provision in question was omitted; that inasmuch as he was not sufficiently familiar with English to read the contract, he asked Roushey to read it, and he read it as though it contained the provision in regard to wainscoting, and thereupon he executed the contract in duplicate, believing it embodied all the provisions of their verbal agreement.

In view of the foregoing testimony and the uncontradicted evidence as to Roushey's authority in the premises, plaintiff in his third point requested the court to charge as follows: " In order to bind the plaintiff by the alleged representations made by Roushey at the time of the execution of the written contract, it must be shown affirmatively that Roushey had authority from plaintiff to make such representations, and that the burden of proof is on defendant who seeks to take advantage of those representations. The simple testimony that Roushey was authorized to take the contract to Kosek, to be signed, is not sufficient evidence to establish that authority. There being no other evidence in this case tending to establish or prove such authority, the jury must find as matter of fact that none existed and plaintiff is not bound by representations alleged to have been made by Roushey." The court declined to affirm this point as a whole, saying: " We cannot say, gentlemen, in the language of the point, that there is no other evidence in the case than that alluded to. In its length and breadth we cannot affirm this point; it is, therefore, disaffirmed."

In plaintiff's fourth point the court was further requested to charge: " It being the uncontradicted evidence that Roushey's authority was to deliver the contract to Kosek, and that if read at all, such reading was at the request and by direction of Kosek, this constitutes and makes Roushey the agent of

Kosek, and nothing that may have been said or done by Roushey, so acting, can in any way bind the plaintiff." This point was also refused.

Each of these points was fully warranted by the evidence before us; and, as correct legal propositions, based upon the undisputed facts of the case, they should have been severally affirmed. Roushey was entrusted with the papers, merely for the purpose of delivering them to defendant. The evidence proves this and nothing more. If he read them to Kosek at his request, he did so as the agent of the latter and not of the plaintiff. If Kosek chose to make him his own agent for that purpose and the contract was incorrectly read, it was neither the fault nor the act of the plaintiff. The ninth and tenth assignments of error are sustained.

It is conceded by the learned counsel for defendant that the defence is in the nature of a bill brought to reform the written contract on the ground of fraud. The rules of evidence applicable to such cases are too well established to admit of any doubt. The evidence requisite to reform a written instrument on the ground of fraud, accident or mistake must be clear, precise and indubitable: Murray v. The New York, Lackawanna & Western Railroad Co., 103 Pa. 37. If the evidence when admitted is not such as would move a chancellor to reform the contract or deed, the case should not be submitted to the jury without binding instructions as to its insufficiency: Phillips v. Meily, 106 Pa. 536. Again, the answer of a plaintiff to such a defence as is set up in this case is conclusive, unless contradicted by two witnesses or one witness and corroborating circumstances equivalent to a second witness; and, now that parties are competent witnesses and each may oppose his oath to that of the other, when written contracts or obligations are sought to be impeached by defences purely equitable, the reason is stronger than ever for enforcing the rules of equity applicable to such cases: Phillips v. Meily, supra; Juniata Building Association v. Hetzel, 103 Pa. 507. Tested by these and other rules of evidence applicable to such defences as the one under consideration, we think the evidence was insufficient to justify the submission of the alleged fraud to the jury.

It is unnecessary to notice specially the remaining specifica-

tions of error.   What has been said disposes of the controlling questions in the case.

> Judgment reversed and a venire facias de novo awarded.