# MIFFLIN CO. N. BANK v. A. R. W. THOMPSON.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF MIFFLIN COUNTY.

Argued May 27, 1891—Decided October 5, 1891.

In an action against the maker of a negotiable note, made for the accommodation of the payee and discounted by the plaintiff, the defence was that the defendant was not to be held liable thereon. In such case, the testimony of the defendant, denied by the plaintiff and unsupported by circumstances equivalent to another witness, was insufficient to reform the instrument.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 440 January Term 1891, Sup. Ct.; court below, No. 43 August Term 1890, C. P.

On May 10, 1890, the Mifflin County National Bank brought assumpsit against A. R. W. Thompson. Issue.

At the trial, on January 17, 1891, the plaintiff bank proved and gave in evidence three several negotiable notes, aggregating $5,500, made by A. R. W. Thompson, payable to the order

of J. T. M. Thompson at the plaintiff bank, indorsed by "J. T. M. Thompson, per A. R. W. T., protest, demand and notice waived," dated respectively February 29, March 8, March 12, 1884, and discounted by plaintiff bank. The plaintiff then rested.

In his case in chief, the defendant, under objection and exception to the plaintiff, testified in substance: That J. T. M. Thompson, during the years 1880, 1881, 1882, 1883 and 1884, up to the time of his failure, was engaged in the grain business in the city of Philadelphia, Reedsville, Milroy, Coburn and Spring Mills, Centre county; that he very frequently had notes discounted by the plaintiff bank; that D. E. Robeson, the cashier of the plaintiff bank, came to the defendant, and stated to him that his brother, J. T. M. Thompson, had drawn more money out of bank than was permitted by law, that he had more than ten thousand dollars, being in excess of ten per cent of the capital stock, and the bank would have to have more names in order to elude the examination of the bank examiner when he came around; that the defendant communicated this statement to his brother, J. T. M. Thompson, who wrote directing defendant to sign notes payable to his (J. T. M. Thompson's) order, and indorse his name and have the notes discounted at the plaintiff bank, and, to keep him harmless in the premises, to have Mr. Robeson, the cashier, transfer stocks and bonds standing in the name of J. T. M. Thompson to the defendant, as the notes were given; that the defendant showed this letter of J. T. M. Thompson to Mr. Robeson, cashier, who read the same and said it was satisfactory; that the notes were discounted and accepted by the bank; that many notes were drawn and indorsed in pursuance of this agreement, by the defendant, and among the rest the three notes in suit; that the notes in suit were without any consideration to the defendant; that he was a man of no pecuniary responsibility at the time the notes were given; that the notes were charged up to the account of J. T. M. Thompson, and the defendant, at the time the notes were given, had no account in the plaintiff bank; and that when these notes became due the defendant received no notice that they were due, and was not consulted as to what disposition should be made of them.

In rebuttal, the cashier and the teller of the bank testified

that the bank held no bonds or stocks of J. T. M. Thompson, except certain bonds kept in the bank by said Thompson, as a special deposit for his own convenience, and not in the control of the bank; and that in pursuance of a settlement made with him, the bonds were sold by the bank by his direction, and applied to his indebtedness other than the notes in suit. D. E. Robeson, the cashier, testified denying the testimony of the defendant, that when the latter indorsed the notes in suit, or any notes of which they were renewals, the witness told him that he would not be held liable upon them. He also denied that he had told the defendant, or that the defendant had told the witness, that J. T. M. Thompson had bonds in the bank that were to be held as collateral to the notes; or, that the defendant had shown the witness a letter from J. T. M. Thompson directing the arrangement testified to by the defendant, and that the witness had said the arrangement was satisfactory. He testified, also, that the defendant had never asked him to transfer the bonds to him as collateral to the notes; admitting, however, that he may have told the defendant that J. T. M. Thompson had more money borrowed from the bank than was allowable under its charter.

The case being closed on the testimony, the court, ROCKE-FELLER, P. J., 8th district, presiding, charged the jury in part as follows:

The defence in the case is purely equitable. The allegation is that at the time these notes were executed and delivered to the bank, there was an arrangement between the defendant and the cashier of the bank, with whom the business was transacted, that he, the defendant, was not to be liable therefor; that the notes were executed for the purpose of discount by the bank, the money to be placed to the credit of the payee, J. T. M. Thompson, and that the maker, A. R. W. Thompson, was not to be liable therefor. These are what the court thinks accommodation notes. It is true, A. R. W. Thompson, the maker, did not receive the money or any consideration on account of the same, but he signed them in order to enable the payee, J. T. M. Thompson, to raise the money upon them, and they were discounted accordingly by the plaintiff, the bank. It matters not, therefore, whether the defendant, A. R. W. Thompson, received

Opinion of Court below.

any consideration or not.   He being an accommodation maker of these notes, that was the consideration, as appears upon the face of the notes themselves and from the evidence in the case. It is possible that the testimony, if believed by you ; that is, the testimony of A. R. W. Thompson, the defendant, would constitute a sufficient defence.   I do not now decide that question.

But, there is another question that arises in the case, it seems to me, and it is this : The execution of these notes by the defendant is not denied.   There is no dispute as to that matter, and the defence offered is, as before remarked, purely equitable ; one arising out of the transaction at the time of the execution and delivery of the notes, arising out of the notes themselves ; and the only testimony in the case in relation to this matter is the testimony of the defendant himself, and that is opposed by the testimony of Mr. Robeson, the cashier of the bank, the person with whom the transaction took place between the defendant and the bank, at or about the time that these notes were given.   So that you see you have the case of oath against oath, and under the decisions of the Supreme Court of this state, that being so, the defence being an equitable one, the notes must stand.   [The evidence on behalf of the defendant consists of his unsupported oath, which was contradicted by the cashier's oath, and the persuasive evidence furnished by the notes themselves.] [1]   There is no evidence to warrant a chancellor in reforming these notes.   [Therefore, under all the evidence in the case, we instruct you to find a verdict in favor of the plaintiff ] [2] for the amount of the three notes, with interest from their maturity.   Exception.

—The jury returned a verdict for the plaintiff for $7,703.84.

A rule for a new trial having been argued, the court, ROCKEFELLER, P. J., filed an opinion in part as follows :

I am of opinion that the principle decided by the Supreme Court in the case of Phillips v. Meily, 106 Pa. 536, and in a line of cases decided both before and after it, is applicable to this case.   The case of Shaffer v. Clark, 90 Pa. 94, cited by defendant's counsel, does not conflict with any of the cases. That was a common-law action, in which the defendant set up as his defence a matter that did not arise out of the giving of the judgment or instrument sued on.   The defence was not purely equitable, and required no reforming of the instrument.

In Pennsylvania, the courts administer equity in common-law actions, but in doing so adhere to equity principles and rules in regard to the measure of proof required. If the defendant in the present case had the proof that the law requires, it is quite possible that under the authority of the case of Cake v. Pottsville Bank, 116 Pa. 264, and the other cases cited by his counsel, he might succeed in his defence, but as the case stands I feel constrained to refuse a new trial.

—Judgment having been entered, the defendant took this appeal, assigning for error:

1, 2. The portions of the charge embraced in [ ] ¹ ²

*Mr. H. J. Culbertson*, for the appellant.

Counsel cited: Sylvius v. Kosek, 117 Pa. 67; Thomas v. Loose, 114 Pa. 35; North & West Br. Ry. Co. v. Swank, 105 Pa. 555; McCauley v. Cremerieux, 132 Pa. 22; Breneman v. Furniss, 90 Pa. 186; Cozens v. Middleton, 118 Pa. 622; Stewart v. Moore, 12 Phila. 225; Baumgardner v. Reeves, 35 Pa. 250; Cake v. Pottsville Bank, 116 Pa. 264; 2 Randolph on Com. Paper, 46, 715.

*Mr. R. C. Elder* and *Mr. D. W. Woods*, for the appellee, were not heard.

PER CURIAM:

The notes in controversy were undoubtedly given by the defendant for the accommodation of the payee. They were discounted for him by the bank, and the proceeds placed to his credit. As the notes were made to the payee to raise money to enable him to carry on his business, no question arises as to want of consideration. The defendant attempted to reform the notes upon the trial below, but the evidence was clearly insufficient for that purpose. There was but his own testimony, which was flatly contradicted by the cashier of the bank. There was but oath against oath, with the persuasive evidence of the notes in favor of the plaintiff. Under such circumstances, a chancellor will not reform an instrument: Phillips v. Meily, 106 Pa. 536; Jackson v. Payne, 114 Pa. 67; Jones v. Backus, 114 Pa. 132; North v. Williams, 120 Pa. 109. The facts and circumstances which the defendant relies upon as the equivalent

of another witness, are clearly insufficient for that purpose. They are quite as consistent with the plaintiff's theory as with that of the defendant.

Judgment affirmed.