## McClain, Appellant, *v.* Smith.

[Marked to be reported.]

*Promissory note—Sale—Delivery—Artifice—Estoppel.*

Where one by bill of sale became possessed of property, the title of which was claimed by another, and the vendee was induced by acts of the claimant to part with possession of the property in consideration of a note indorsed by the claimant, the latter will be estopped from asserting, in defence to an action on the note, that it was a trick or artifice by which the vendee was deceived into parting with his property.

*Parol evidence to vary writing—Bill of sale.*

In an action of assumpsit, where it was in dispute whether the words "boiler and engine" were inserted in a bill of sale after its execution, it appeared that the bill of sale was made by two partners. One partner testified that the vendee wrote the bill and read it, and did not read "boiler and engine;" but upon cross-examination he said he signed it without reading it, and, in reply to the court, that he signed it without knowing what was in it. The other partner testified that the vendee wrote the bill, and that the boiler and engine were not mentioned, but also said that he did not read it. On the other hand, two witnesses testified that the bill was read to the vendors, and that the engine and boiler were mentioned in it. *Held*, that the evidence to reform the instrument by striking out the words "boiler and engine" was insufficient to submit to the jury.

Argued Oct. 4, 1893. Appeal, No. 95, Oct. T., 1893, by plaintiff, F. M. McClain, from judgment of C. P. Venango Co., Aug. T., 1891, No. 112, on verdict for plaintiff for less than full amount of claim. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on promissory note.

The facts appear by the opinion of the Supreme Court, and the following charge of the court by TAYLOR, P. J.:

" The plaintiff brings this action to recover the sum of $550.35 with the protests $1.25, with interest from the time this note became due. It was dated April 30, 1885, due three months after date. Upon the face of these papers the plaintiff is entitled to recover from the indorser, Mr. Smith, the face of this note with the interest upon it from the time it was due. The defendant admits some liability, but contends that the value of a boiler and engine should be deducted therefrom.

" Some time along in 1885, Smith, the defendant here, leased a boiler and engine to one McCarter and a man by the name of Garrard. By the terms of this lease they obtained possession of a boiler and engine, the property of Mr. Smith, and were to pay him $50 a month as rent ; to take the property somewhere out of the county, and were to deliver it back into the possession of Mr. Smith at the expiration of, I think, sixty days. It was taken out of the county with Smith's consent, and these men, McCarter and Garrard, went operating for oil. They made a failure of it, and to raise money to pay indebtedness, etc., they made a bill of sale of certain property to the plaintiff. That bill of sale you will have out with you. It is made out September 29, 1884. In virtue of this bill of sale, they transferred the property mentioned in this bill of sale, which included two thousand feet of cable and a boiler, one boiler, carried out at $400, and an engine carried out at $200, and some other articles.

" Upon the face of the bill of sale, these men transferred the boiler and engine to the plaintiff, along with the other property. The whole bill amounted to $900, I think. So far as that bill of sale was concerned, these men had no right to sell that boiler and engine to the plaintiff under the uncontradicted evidence. They had no title to it at all. The property belonged to Smith,

and wherever it was located, it was his. They could not divest him of it so long as there was no question of a creditor coming in.

"After the plaintiff made this purchase of the property, Colonel Cain went down and gave this note for it, indorsed by the defendant, Smith, and before the property was purchased by Colonel Cain, the plaintiff made some inquiry, if the deposition is believed, as to the responsibility of Smith, and telegrams, which have been given in evidence, and a letter which Mr. Smith says was his, passed between them. In virtue of those telegrams and that letter, the plaintiff asks you to find that Mr. Smith induced him to make that sale. The bill of sale was made out, as we remarked, before that was consummated. You will find the date of these papers are all about the same time, with the exception of the bill of sale,—the date of the letter, March 29th, the telegram about on the 28th or 29th, and the note you will find dated on the 30th of April; so that they all precede in pretty rapid succession the transfer of the property to Colonel Cain.

" These men had no right to sell that property, and a purchaser from them without Smith having said or done something to his injury, would take no title. Smith could take it anywhere he pleased. But Smith sent a telegram and this letter. The letter is to Mr. McClain, the plaintiff, dated March 30, 1885. In them he says : ' J. H. Cain, the party who was to see you a few days ago, will take the tools and machinery as per bill of sale, giving you his ninety day note indorsed by me for $511. Please advise me as soon as possible.'

" Then followed a telegram, in which Mr. Smith says : ' I have made the note just as per instructions in your letter of April 2d, J. H. Cain, indorsed by me.'

[" Now, although these parties had no right to sell that engine nor the boiler, yet in virtue of these papers, if the boiler and engine were included in that bill of sale, the word ' machinery ' would include an engine and boiler, and Smith would be estopped from now saying that these men had no right to sell it. Smith was bound to know what was in the bill of sale which would be included by the words ' tools and machinery.' So that the question comes down to the simple proposition as to whether or not the engine and boiler was contained in the

bill of sale at the time Smith sent this letter and telegram.] [1]
The plaintiff asks you to find that it was there, and was read
over to Garrard and McCarter before they executed the assign-
ment, and that he paid a full price for them. The defendant
asks you to find that the engine and boiler was not included in
the bill of sale when read over to them, and if it was there,
they did not know it and never knew it until thirty days after-
wards.

[" If you find that the plaintiff at that time was induced to
take the note and sell the property by reason of this bill of
sale and including the boiler and engine, he would be entitled
to recover the value of the note with interest upon it. Upon
the other hand, if you find that the plaintiff perpetrated a fraud
upon them, that the boiler and engine was not read out to
them, and that there was no intention to convey the same, then
your verdict would be for the balance of the note, less the value
of the boiler and engine, with interest upon the same from the
time the note became due."] [2]

Plaintiff's points were among others as follows :

" 2. That if the defendant knew when he indorsed the note
that it was to be used by John H. Cain to pay for the property
bought of plaintiff, and also knew that part of the property
was the same of which he now claims to be the owner, he can-
not now set up his claim of title as a defence to this suit. *An-
swer :* Defendant could not claim ownership to any of the
property which he knowingly induced the plaintiff to purchase,
if such was the case." [3]

" 3. That if, as consideration for the note in question, plain-
tiff delivered property, exclusive of the boiler and engine now
in dispute, to a value in excess of the face of the note, defend-
ant cannot set up any failure of title to said boiler and engine,
known to him when the note was signed, indorsed and delivered,
to avoid payment of said note. *Answer :* This point is answered
in the negative as qualified by the charge." [4]

" 4. That as all the evidence shows that the defendant in-
dorsed the note in suit for the purpose of having Cain purchase
the property in question as per the bill of sale from McCarter
& Garrard to plaintiff, with full knowledge of his own claim of
title to the boiler and engine, and the plaintiff, induced thereto
by defendant's letter to him, delivered for said note property,

exclusive of said boiler and engine, of a value at least equal to the face of the note, defendant cannot set up a failure of title to said boiler and engine as a defence to this action, and the verdict must be for the plaintiff. *Answer:* This point is answered in the negative as qualified by the charge." [5]

Defendant's point was as follows :

" That if the jury believe from the evidence that the boiler and engine in question were owned by the defendant, Smith, and that he leased the same to McCarter & Garrard, from whom the plaintiff, McClain, knowing the same to be the property· of said Smith, obtained the possession thereof and thereafter refused to surrender such possession to the said Smith, but claimed the same as his own, whereupon the said Smith, for the purpose of obtaining the possession of the said boiler and engine, procured one J. H. Cain to contract for the purchase of the same, giving in payment therefor, with other goods, the note in suit, signed by said Smith as accommodation indorser for the said Cain, the said Smith is not liable on the said note for the value of the said boiler and engine, and may defend against payment of the same pro tanto. *Answer:* Affirmed if the jury further find that Smith did nothing to induce the plaintiff to purchase the boiler and engine." [6]

Verdict and judgment for plaintiff.   Plaintiff appealed.

*Errors assigned* were (1–6) instructions, quoting them.

*John O. McCalmont, B. H. Osborne* with him, for appellant.— A contract induced by fraud is valid until rescinded, and it is for the defrauded party to elect whether he will be bound ; but, if he affirm the contract, he must affirm it in all its terms : Howard, Receiver, v. Turner, 155 Pa. 349 ; Beetem v. Burkholder, 69 Pa. 249.

Where one, by his words or conduct, willfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time : Com. v. Moltz, 10 Pa. 527 ; Water's Ap., 35 Pa. 523 ; Reel v. Elder, 62 Pa. 308 ; Mahan v. Kaine, 67 Pa. 126.

The court erred in submitting to the jury a question upon

which there was no evidence upon one side : Greber v. Kleckner, 2 Pa. 289 ; R. R. v. Alvord, 128 Pa. 42.

Evidence in contradiction of a writing must be sufficient to justify a chancellor in reforming it, and the mere opposing testimony of the parties is not sufficient for that purpose: Phillips v. Meily, 106 Pa. 536 ; North v. Williams, 120 Pa. 109 ; Thomas v. Loose, 114 Pa. 35.

*Robert F. Glenn,* for appellee.—The doctrine of recaption is an ancient common law right, and is fully recognized by law writers, and decisions of the courts as existing to-day : 4 Bl. Com. 4 ; Finn v. Com., 6 Pa. 460.

If, as found by the jury, plaintiff had no title to the boiler and engine, he has nothing of which to complain, when their value, which is included in the note in question, is deducted from the amount sued for.

OPINION BY MR. JUSTICE THOMPSON, October 30, 1893 :

This suit was brought upon a promissory note for $550.35, of which appellee was the indorser. The defence was that he was entitled to a credit for the value of a boiler and engine which he had leased in 1886 to McCarter & Garrard. They, with the assent of appellee, took them to Westmoreland county where appellant purchased them. Subsequently J. H. Cain purchased them from appellant and gave him his note, the note in suit, indorsed by appellee. On March 30th appellee wrote appellant : " J. H. Cain (the party who was to see you a few days ago) will take the tools and machinery as per bill of sale McCarter & Garrard to you, giving you his ninety-day note indorsed by me for $513, with interest. Please advise me as soon as possible if this will be satisfactory." On April 29th, before the note was accepted by appellant, he telegraphed him : " Made note just as per instructions in your letter of April 2nd, J. H. Cain. Indorsed by me." The bill of sale referred to in the letter as made by McCarter & Garrard includes the boiler and engine in question and other property, amounting in the aggregate to $900.

If the appellee, with a knowledge of the bill of sale setting forth that the boiler and engine were purchased by appellant, induced him to deliver them to Cain for the note in question,

he cannot successfully claim that, because he had not parted with his title to McCarter & Garrard, he should have a credit upon the note for the amount of their value. To rebut this conclusion he undertook to prove that the words " boiler and engine " were inserted in the bill of sale after its execution. He called McCarter, who testifies that appellant wrote it and read it and did not read " boiler and engine ; " but upon cross-examination he said he signed it without reading it, and, in reply to the court, that he signed it without knowing what was in it. His partner, Garrard, testified that appellant wrote it and that the boiler and engine were not mentioned, but also says he did not read it. This in fact is the testimony of but one of the parties to the agreement. The appellee, the other party, testifies that he read it to them ; that Garrard looked at it and he supposed he read it ; that he looked at it long enough to do so. J. R. Smith, an attorney, testifies that he was present when the sale was consummated ; that an engine and boiler and cable and drilling tools were mentioned.

Upon such testimony no chancellor would reform this instrument, and therefore it was not successfully attacked. In Phillips v. Meily, 106 Pa. 544, it is said : " It is only where a chancellor would reform the instrument that parol evidence is admissible to contradict it. It is true, under our practice in Pennsylvania, it is accomplished through common law forms ; but the fact remains that the defence set up is purely equitable, and the judge ought not to submit the case to the jury unless the evidence is such that he would feel himself bound as a chancellor to reform the instrument. With our modification of the English rule, now too firmly imbedded in our system to be disturbed, and our act of assembly which makes every defendant a competent witness, the principle above stated is about all there is left to preserve the sanctity and force of an instrument in writing, whether that instrument be a deed which is the evidence of a man's title to his home, or an obligation for the payment of money." In North v. Williams, 120 Pa. 118, it is said : " There is no evidence in this case upon which it would be possible to reform the contract between the parties. It is in writing and was duly executed in the presence of an attesting witness. It speaks for itself and cannot be overthrown upon the mere opposing testimony of one party contradicted by the oath of the other, who in this case was a disinterested person."

As there was no sufficient proof to establish that the words " engine and boiler " were inserted after the execution of the bill of sale, and as appellee had it in his possession when 'he wrote the letter referring to the same, the learned court below erred in charging, " so that the question comes down to the simple proposition as to whether or not the engine and boiler were contained in the bill of sale at the time Smith sent this letter and telegram." And again : " Upon the other hand, if you find that the plaintiff perpetrated a fraud upon them, that the boiler and engine were not read out to them, and that there was no intention to convey the same, then your verdict would be for the balance of the note, less the value of the boiler and engine, with interest upon the same from the time the note became due."

The possession of the bill of sale, the letter and the telegram, and his own testimony that he recommended Colonel Cain to go down and get this property, and he recommended him to pay for it, show that with a full knowledge of all the facts he induced appellant to part not only with the boiler and engine but with other property, which, according to the testimony of one witness, amounted in value to more than the note. As such were the facts, appellant was entitled to recover, and the learned trial judge erred in not affirming appellant's fourth point, viz. : " That as all the evidence shows that the defendant indorsed the note in suit for the purpose of having Cain purchase the property in question as per bill of sale from Mc-Carter & Garrard to the plaintiff, with full knowledge of his own claim of title to the boiler and engine, and the plaintiff, induced thereto by defendant's letter to him delivered for said note, property, exclusive of said boiler and engine, of a value at least equal to the face of the note, the defendant cannot set up a failure of title to said boiler and engine as a defence to this action, and the verdict must be for the plaintiff."

If the appellee resorted to the use of the note as a contrivance to get possession of the boiler and engine, as argued, he cannot make it the foundation of a successful defence. Appellant by the bill of sale became possessed of them as well as other property, claimed title to the same, and was induced by the acts of appellee to part with his possession of them in consideration of the note. Having done so, appellee cannot now, in a defence

to the note, successfully assert that it was a trick or device by which appellant was deceived into parting with the property. He remained silent as to any claim which he might have to the boiler and engine, and by his silence as well as his acts induced the appellant to change his position and to deliver up the property. Having done so he cannot be permitted to claim the amount of their value as a credit upon the note received for the property by appellant: Waters's Appeal, 35 Pa. 526.

For these reasons the judgment is reversed and a venire facias de novo is awarded.