## James Steel *v.* H. Loeb, Appellant.

*Contract—Interpretation—Question for jury.*

A parol contract having been declared on as made between plaintiff and L in a suit for the breach of said contract the question of the making of the contract is a simple question for the jury independent of the existence of another written contract made on the same day between plaintiff and L. and W., although the parol contract with L. may have been the inducement for the execution of the written contract with L. and W.   The jury having found for the plaintiff the defendant at least had no cause for complaint that the trial judge held the proof of the oral agreement up to the strict rule required for an alleged contemporaneous oral agreement purporting to enlarge or modify a written agreement.

Argued May 4, 1897.   Appeal, No. 131, April T., 1897, by defendant, from judgment of C. P. Jefferson Co., Sept. T., 1894, No. 66, on verdict for plaintiff.   Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Assumpsit. Before REED, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $143.52. Defendant appealed.

*Errors assigned* were (1, 2) refusal of binding instructions for defendant.

*A. L. Cole,* with him *C. Z. Gordon* and *H. A. Moore,* for appellant.

*A. C. White,* with him *John Conrad & Son,* for appellee.

OPINION BY BEAVER, J., July 23, 1897 :

The plaintiff declared upon a parol agreement made on the 18th of July, 1891, by and between himself and the defendant, for the sawing of certain lumber and logs thereafter to· be cut and delivered at the dam of a sawmill in the statement described, in consideration of which the defendant agreed to pay to the plaintiff $1.70 per thousand. Upon the trial of the case, the plaintiff testified that the making of this parol agreement was the inducing cause to the execution of a written agreement made on the same day between himself and the defendant and one William Wingert for the cutting and delivering of the same logs which were the subject of the contract for sawing. The defendant thereupon objected to the admission of the testimony on the ground that the contract declared upon and concerning which the plaintiff testified tended to alter, change and add to the written agreement entered into on the same day by the plaintiff on the one part and the defendant and Wingert on the other part, and tried the case throughout upon the theory that the parol contract upon which the plaintiff sought to recover should have been included in the written contract, and, because it was not so included and its provisions tended to vary, alter and add to the terms of the written agreement, no recovery could be had. The defendant's point, the answer to which constitutes the error complained of, is that "the written contract of July 18, 1891, together with the receipt in full of all demands dated February 20, 1892, supported by the testimony of H. Loeb, cannot be altered, added to or changed by the unsup-

ported testimony of James Steel, the plaintiff, and said written agreement must, therefore, stand as the actual contract between the parties." The second point was the same proposition put in different form, namely: "that, under the pleadings, the evidence and the law in this case, there can be no recovery, and the verdict must be for the defendant." The court refused the first point and in answer to the second said: "We reserve this as a question of law, reserving as a question of law whether, upon the whole evidence, the plaintiff is entitled to recover." The case was thereupon submitted to the jury and, after the verdict for the plaintiff, the court entered judgment thereon.

In commenting upon the connection between the parol agreement upon which the suit was brought and the written agreement introduced by the defendant, the trial judge in the charge to the jury says: "It is perplexing to us in that we are not clear on the pleadings and the evidence whether the plaintiff's right to recover is based on the written contract as amended by the alleged parol contract for the sawing of the timber or whether it is based on this alleged parol contract without regard to and independent of the written contract; but, inasmuch as the plaintiff alleges that the contract was made as a whole in parol in the first instance and that the part relating to the sawing was left out of the written contract at the request of the defendant and that he was induced to include the written contract by the defendant's cotemporaneous oral agreement to give him the sawing of the timber at $1.70 per thousand, we think the rule of law is applicable which requires that such cotemporaneous oral agreement must be shown by evidence that is clear, precise and indubitable, and that it must be proven by the testimony of at least two witnesses or of one witness corroborated by circumstances equivalent to another. Applying this rule of law, you will determine from the evidence whether or not such oral agreement was made."

This was holding the law against the plaintiff more strictly than the facts warranted. The oral agreement, upon which the suit was founded and recovery had, was between the plaintiff and the defendant. The written contract was between different parties,—the plaintiff on the one hand and the defendant and William Wingert on the other. The subject-matter of the two contracts was entirely distinct. The written contract was for the

cutting and delivery of the timber upon a tract of land therein described. The parol contract was for the sawing of the logs so delivered at the mill. The consideration was entirely independent. In fact, the two contracts were as separate and distinct as they could well be, the only connection between them being that the plaintiff, as he alleged, refused to sign the written agreement for the cutting and delivery of the logs, unless he was sure that he was to have the sawing of them. His allegation was that the defendant, having in view the purchase of the mill which belonged to Wingert, made the alleged parol agreement for the sawing, in case his agreement with Wingert for the purchase should be completed. The defendant admits that he afterwards purchased the mill from Wingert, and if the plaintiff's version of the transaction were believed, the contract for the sawing became operative. If the parol agreement for the sawing had been between the same parties and was part and parcel of the contract for cutting and stocking and the part relating to the sawing had been omitted from the written contract, as claimed by the plaintiff, in order to facilitate the signing of the written agreement in regard to the stocking, the rules laid down by the court in regard to the character and quantity of proof required to justify the jury in finding for the plaintiff would have been entirely proper and the defendant would have had no cause to complain: Phillips v. Meily, 106 Pa. 536; Thomas v. Loose, 114 Pa. 35; Nye v. Pittsburg Co., 2 Pa. Superior Ct. 384.

The testimony of Steel and the corroborating circumstances testified to by Wingert and others would have justified the court in submitting the question to the jury; but, as we view the case, the agreement for the sawing was a distinct and independent contract. It was between different parties, it embraced a different subject, it was based upon an entirely different consideration, there was no necessary connection between the two and indeed the only connection seems to have been, according to the testimony of the plaintiff, that he would not have taken the contract for cutting and stocking except for the promise made by the defendant that he should also have the contract for sawing. If the defendant had offered the plaintiff $100 as a consideration for the signing of the written agreement, it would hardly be claimed that no recovery could be had upon

that promise, because it was not included in the written contract, and yet such an agreement in parol would not have been in any sense more distinct and independent than that upon which recovery was had in this case. The rights of the defendant were certainly properly guarded by the instructions of the trial judge to the jury, the case was carefully tried throughout, and, upon a careful review of it, we see no error of which the defendant has a right to complain. Both of the assignments of error are overruled and the judgment is affirmed.