George A. Dickson *v.* Hartman Manufacturing Company of Ellwood City, Appellant.

*Evidence—Parol evidence—Contract.*

In the absence of fraud, accident or mistake, a written contract which purports to contain the whole agreement of the parties cannot be changed or modified by parol evidence, and in no event can it be done by the testimony of one witness, if such testimony is contradicted by that of another witness.

In an action upon a contract of hiring, plaintiff alleged that the contract was partly in writing by a letter, and partly in parol.    The contract

was complete without the parol part, and did not show that the hiring was for a year, but plaintiff alleged that the acceptance of the terms contained a parol stipulation to that effect. The defendant alleged that the acceptance was unconditional, and denied that there was any agreement to hire the plaintiff for a year. *Held*, that the testimony was insufficient to change or modify the contract as set out in the letter.

Argued Oct. 29, 1896. Appeal, No. 80, Oct. T., 1896, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1895, No. 329, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a contract of hiring. Before McCLUNG, J.

At the trial it appeared that plaintiff's claim was based partly upon an alleged parol agreement to hire him for one year, and the following letter, referred to in the opinion of the Supreme Court as "Exhibit A:"

"PITTSBURGH, Pa., July 30th, 1894.

"GEORGE A. DICKSON, ESQ., Pittsburgh, Pa.

"*Dear Sir:* Referring to our conversation relative to your coming with the Hartman Manufacturing Company, I beg to submit my ideas of the conditions which I think would be satisfactory to the company. You are to receive the sum of $208.34 monthly, and if you fill the position to the satisfaction of the company and remain in its service until July 1st, 1895, that you shall receive between July 1st and September 1st, 1895, the additional compensation of 3 per cent of the net profits of the Hartman Manufacturing Company for the year ending July 1st, 1895, and 2 per cent of the net profits of the Ellwood Shafting & Tube Company for the same period. If you should not, from any reason, be retained until July 1st, 1895, then you would not be entitled to any share of the profits above referred to.

"It is understood that you would have entire charge of the office and sales departments of both the Hartman Manufacturing Company and the Ellwood Shafting & Tube Company. Your engagement would be with the Hartman Company, but your services would be in the interest of both companies, although no salary would be paid you by the Tube Company, other than the probable contingent above set forth.

" Your official position would probably be that of secretary of the respective companies, and·your responsibility as to the management be alone subject to consultation with and approval of the president of said companies.

" Because of our business being altogether new to you, I think the above a fair basis on which to base your engagement.   Hoping you will see it in the same light, I remain

" Very truly yours,<br>"H. W. HARTMAN."

The only evidence in support of the parol agreement was that of the plaintiff.   The parol agreement was expressly denied by H. W. Hartman.

The material part of the testimony appears by the opinion of the Supreme Court.

Defendant's points and answers thereto among others were as follows :

2. The testimony of the plaintiff is insufficient to establish an employment for a year or any other agreement than that contained in the letter, " Exhibit A."   Answer : This point is refused.   He says that the modification was before the acceptance of the letter, and ·that they came together, and that the letter was merely used as defining some of the terms of the contract, and that the oral contract was different. [1]

3. That under all the evidence the plaintiff is not entitled to recover.   Answer : This point is refused.   The question is left to you. [2]

Verdict and judgment for plaintiff for $1,734.74.   Defendant appealed.

Errors assigned were (1, 2) above instructions, quoting them.

John F. Sanderson, with him Walter Lyon and Charles H. McKee, for appellant.—There was a hiring from month to month, and this is demonstrated by the plaintiff's effort to change it to a contract for a year's service by his amended allegation and parol testimony.   Oral evidence was incompetent, and should not have been admitted nor submitted to the jury : Abbott's Trial Evidence in Civil Cases, 295 ; Bollinger v. Eckert, 16 Serg. & Rawle, 424 ; 1 Whar. Digest, 879 ; Barndollar v. Tate, 1 Serg. & Rawle, 160 ; Balt. & Phila. Steamboat Co. v. Brown, 54 Pa. 77 ; The Lady Franklin, 8 Wall. 325 ; Van Voorhis v.

Rea Bros., 153 Pa. 19; Wyckoff v. Ferree, 168 Pa. 261; Gorrell v. Home Life Ins. Co., 74 U. S. 188; West v. Kelly, 19 Ala. 353; Seitz v. Brewers' Refrigerating Co., 141 U. S. 510; Bast v. Bank, 101 U. S. 93; Englehorn v. Reitlinger, 122 N. Y. 76; Thomas v. Scutt, 127 N. Y. 133; Thompson on Trials, sec. 1112; 7 Am. & Eng. Ency. of Law, 91.

The testimony of the plaintiff, contradicted by the evidence of the defendant's witness, was insufficient to take the case to the jury: Jackson v. Payne, 114 Pa. 67; Jones v. Backus, 114 Pa. 120; North v. Williams, 120 Pa. 109; Stull v. Thompson, 154 Pa. 43; Halberstadt v. Bannan, 149 Pa. 51; Hoffman v. Bloomsburg R. R., 157 Pa. 174; Murray v. R. R., 103 Pa. 37; Spencer v. Colt, 89 Pa. 314; Rowand v. Finney, 96 Pa. 192; Martin v. Bernes, 67 Pa. 459.

*W. K. Jennings*, with him *H. G. Wasson*, for appellee.—Appellant's counsel seems to have become wedded to the idea that it was impossible for the plaintiff to accept the proposition contained in " Exhibit A," in any other way than by writing, and that no matter what was the actual agreement between the parties as to the acceptance of the proposition, even though it might have been modified, it could not be shown in evidence, because that portion of the agreement which was in parol was inconsistent with the provisions of the written instrument. It is difficult to answer such an argument as this, because its error is self-evident.

OPINION BY MR. JUSTICE GREEN, January 4, 1897:

The plaintiff's statement bases his claim to recover in this case upon the letter of July 30, 1894, marked, " Exhibit A," and annexed to and made part of the statement. In stating his contract with the defendant he describes the contents of the letter, and adds, " which agreement was embodied in a letter addressed to said plaintiff by said H. W. Hartman, dated July 30, 1894, a true and correct copy of which is hereto annexed, marked ' Exhibit A,' and made part hereof as fully as though set out at length herein. Second, said plaintiff accepted the proposition upon the conditions stated in the letter marked ' Exhibit A,' and the further condition that the plaintiff should have a permanent situation, . . . . and that the said Hartman

then and there agreed that the said plaintiff should have a permanent situation provided he should give satisfaction." The plaintiff then avers in the statement that he entered the service of the defendant and continued therein to their satisfaction until the first day of November, 1894, when he was discharged without any fault upon his part, and he claims to recover for eight months' salary at $208.34 per month—$1,666.72, three per cent of the estimated profits of the Hartman Co.—"$5,400 and two per cent of the estimated profits of the Ellwood Co.—$2,160, making in all $9,226.72. All of these items are based upon a claim that the plaintiff was entitled to recover upon an entire contract for at least one whole year, and upon the allegation that he was discharged without cause at the end of a few months, leaving eight months of the year unpaid for. That this statement of claim was founded upon the written letter of July 30, 1894, is not, and cannot be, disputed. But the letter says nothing about employment for a year, and there is therefore an added assertion in the statement, that the plaintiff accepted the proposition upon the conditions stated in the letter, and " the further condition that the plaintiff should have a permanent situation." As this was in parol the plaintiff undertook, on the trial, to establish this part of his allegation by his own verbal testimony. His offers of proof were rejected chiefly because they only alleged a verbal condition that he should have a permanent situation, and this was too indefinite to support a specific claim for one year, and there was nothing in the plaintiff's statement except a claim that he was to have a permanent situation. Thereupon the plaintiff asked leave to amend his statement by saying that an agreement was entered into " partly in writing, to wit, ' Exhibit A,' attached to plaintiff's statement, and partly by parol, by which the plaintiff was employed by the defendant company for a period of a year, at an annual salary of $2,500, payable in monthly instalments," and the percentage of the net profits of the Hartman Company as previously stated. The amendment was allowed, and then the plaintiff proceeded to testify that he had said to Mr. Hartman that he would be willing " to chance it for a year," and then Hartman said, " If you are willing to chance it for a year all right." While one of the objections was thus removed to the admission of this testimony, it was the least important of all, and does not at all reach to the

radical objection that the written contract was thus permitted to be altered and contradicted by verbal testimony of what took place, a few days, as the witness says, before the letter was written. He says "the result was that when we came to Pittsburg I went to our office, and then in a few days after that this letter was written." Without making any comments upon the contradiction between the plaintiff's statement of his cause of action, verified by his oath, and his verbal testimony, and the readiness with which he changed his testimony so as to meet the objections of the opposing counsel and the court, it is enough to know that his verbal testimony was most positively and emphatically contradicted and denied by Mr. Hartman, and hence the case presents the ordinary question of the sufficiency of the testimony to alter the contract, where there is the oath of one witness only on one side, and the writing and the oath of another witness on the other side. The contention that the contract was partly in writing and partly in parol, does not help the case. The contract was complete without the parol part, and the plaintiff says it was accepted, and he founds his claim upon its terms. But he seeks to add to it by declaring that he accepted it with an added verbal condition. What is this but the alteration of the instrument? If he made an additional condition it was his duty to have it incorporated into the writing. Failing in this it was at the very least necessary for him to show that the added condition was omitted from the writing by mistake, fraud or accident. But there is nothing of that kind in the plaintiff's testimony. According to him he accepted the written contract with a verbal addition contradicting it. He did not allege that there was any promise to observe the verbal condition, although it was not in the writing, and hence cannot, and does not, now allege, that he accepted the writing upon the faith of such a promise. His testimony is such that it does not bring the case within any of the exceptions to the rule prohibiting parol evidence to contradict written instruments. The writing is complete in itself and therefore may not be contradicted by adding new parol terms to it. What was said by Chief Justice FULLER in Seitz v. Brewer's Refrigerating Co., 141 U. S. 510, is quite in point in this connection, to wit, "Whether the written contract fully expressed the terms of the agreement was a question for the court, and since it was in this

instance complete and perfect on its face, without ambiguity, and embracing the whole subject-matter, it obviously could not be determined to be less comprehensive than it was. And this conclusion is unaffected by the fact that it did not allude to the capacity of the particular machine. To hold that mere silence opened the door to parol evidence in that regard would be to beg the whole question."

In Naumberg v. Young, 44 N. J. Law, 31, the following language of the opinion is especially apposite. "If the written contract purports to contain the whole agreement, and it is not apparent from the writing itself that anything is left out to be supplied by extrinsic evidence, parol evidence is inadmissible. If the instrument shows that it was meant to contain the whole bargain between the parties, no extrinsic evidence shall be admitted to introduce a term which does not appear there."

In Van Voorhis v. Rea Bros., 153 Pa. 19, we said, "The several writings offered in evidence by the plaintiff, and received without objection, all relate to the same subject, and are evidence of successive steps in one transaction; taken together they constitute a contract of bailment. . . . The defendants not denying the writings or alleging fraud, accident or mistake, undertook to show by one of their number that the contract was something different from that which was written. This they could not do by the uncorroborated testimony of one witness, flatly contradicted as he was by the plaintiff, or even uncontradicted."

In Wyckoff v. Ferree, 168 Pa. 261, it was said in the opinion, "A compliance with a request in 1892 was made evidence upon which to base a right in 1893. There had been no omission through fraud, accident or mistake; there was no ambiguity in the language of the contract; there had been established no business usage which threw light upon the intention of the parties, and there was nothing to explain. The alleged parol agreement was at variance with the written contract. It was supported by the testimony of one witness, and denied by that of another. The previous modification, claimed as a corroborating fact, was based upon a request which negatived any claim of right, and its weight would seem to be with the defendant. We are of opinion that this evidence was not sufficient to sustain a finding by the jury which changed or modified the

written agreement between the parties, and binding instructions should have been given as requested." The foregoing decision is in precise analogy with the case at bar. There the defendant who was engaged in the business of street railway advertising was authorized by the plaintiff's writing to insert the plaintiff's advertising card in certain cars in a designated space, at a fixed price. While the contract was running the plaintiffs desired to withdraw their cards and substitute the cards of other persons in their place, having sublet the space to those persons. This was refused and, in an action to recover damages for breach of contract, the plaintiffs claimed that the written agreement was made on the faith of a parol stipulation that a substitution of advertisements of other persons would be allowed. This was testified to by one witness and denied by the defendants. The court below admitted the testimony, and a verdict and judgment being entered for the plaintiff we reversed the judgment without a venire. We held that the evidence of the parol stipulation was not sufficient to sustain a finding by the jury which changed or modified the written agreement. Just so here. The plaintiff claims that there was a parol stipulation which was not in the contract, and testified to it himself, and his testimony on that subject was flatly contradicted by the defendant. In these circumstances the written contract cannot be changed by such testimony. The assignments of error are sustained.

Judgment reversed.