November 25, 1907.

―――――――o―――――――

No. 4231.

(Court of Appeal, Parish of Orleans.)

## MARTIN SULLIVAN AND ALBERT G. PHELPS, TESTAMENTARY EXECUTORS.

*versus*

## WIDOW A. J. KOY, ET AL.

1. Where a lessor after suing out a writ of provisional seizure, recalls and abandons same and gives his consent to the lessee to remove, and sell at public auction, the effects found on the leased property, he thereby waives and abandons the lessor's pledge thereon.

37

2. If the pledge of the objects originally subject to the pledge is lost and abandoned, a fortiori it can not revive and become operative against the proceeds of the sale of the objects originally pledged.

3. If, as provided by Art 2709 C. C., the lessor can seize the objects which are subject to his pledge only "before the lessor takes them away, or within fifteen days after they are taken away if they continue to be the property of the lessee and can be identified?" it follows that even if the lessors pledge does follow and attach to the proceeds of the sale thus consented to, it is only the fund which "can be identified" as the specific and identical fund which is substituted for the things sold, which would be subject to this pledge or on which a lien and privilege, growing out of the relation of landlord and tenant, could exist. Hence: if the lessor has allowed the auctioneer who has made the sale to mingle this specific fund with his own so that they can be no longer identified, the pledge under the article, supra, is lost.

4. A writ of sequestration can issue against specific property only.

5. The requisites for the writ of sequestration under paragraph seven of Art. 275 C. P., where one has a lien or privilege, are the same as under paragraph six of that Article, therefore the plaintiff in such case must make oath that he apprehends that the property on which he has a lien or privilege will be removed out of the State before he can have the benefit of his lien or privilege and must "make oath of the facts which induced his apprehension."

6. The right to the writ of sequestration flows, not from the creditor's lien, but from the circumstances causing his apprehension of its loss by the removal of the property; and affidavit must be made of these circumstances.

Appeal from Civil District Court, Division "C."

G. Farrar, Plaintiff and Appellant.

B. B. Howard, Defendant and Appellee.

MOORE, J. This is an appeal from an interlocutory judgment dissolving a sequestration on motion.

The allegations of the petition are, substantially, that the plaintiffs are the joint Testamentary Executors of the late P. F. Herwig; that Herwig, prior to his death, leased certain premises to Widow A. J. Koy; that the lessee was in arrears for rent of said premises in the sum of five hundred and fifty dollars; that shortly prior to the death of said Herwig the said Mrs. Koy had made and entered into an arrangement with Sam. H. Stern a licensed auctioneer in the City of New Orleans to sell at auction

all the furniture and effects of said lessee contained in the leased premises; that the duly authorized Agent of Herwig had demanded of Mrs. Koy that she give said agent an order on Stern, the auctioneer, for the proceeds of sale up to the amount of the past due rent which Mrs. Koy "peremptorily refused to do;" that thereupon the said Herwig sued out a writ of provisional seizure on the 28th day of January, 1907, ordering and commanding the Civil Sheriff of the Parish of Orleans to provisionally seize and take into his possession all of the proceeds of the sale of said furnitures; that the said writ was duly issued on said date; that "in the haste in which said writ was sued out, the petition and citation directed to the said Mrs. A. J. Koy, and the said Sam H. Stern, were not served on the day following the issuance of said writ, and that petitioners are advised that the said writ abated and became void; that the said Stern, however, still holds in his hands the money resulting from said sale; that Mrs. Koy has abandoned and vacated the leased premises on or about the 29th day of January, 1907; that the said Herwig had, by law, under and by virtue of said relation of landlord and tenant existing between him and the said Mrs. Koy, a lien, privilege and right of pledge upon all the furniture and effects of the said Mrs. Koy, contained in the leased premises, to secure the payment of the rent due and claimed; that said lien and privilege followed and attached instantly to all the funds and moneys resulting from the sale of said effects in the hands of said Stern, Licensed Auctioneer;" that petitioners fear that said Sam H. Stern, the party having possession of said funds resulting from the sale aforesaid may send the same out of the jurisdiction of this Court, during the pendency of this suit, and that said Stern will conceal part with or dispose of said movables in his possession during the pendency of this suit; "that a writ of sequestration is necessary herein "to protect the rights of the succession of said Herwig and the rights of petitioners as joint Testamentary Executors."

Upon swearing to the petition and giving bond according to law a writ of sequestration duly issued.

Thereupon, Mrs. Koy moved to dissolve the sequestration assigning as reasons therefor the following grounds:

First—That there is on the docket of this Honorable Court and alloted to Division "D" this Court, a suit previously filed herein by the same plaintiffs and defendants for the same issues

and amount, and that this suit is filed in violation of law and the rules of this Court on the ground *lis pendens.*

Second—That the allegations of the affidavit and the petition are untrue and false, and not such as warrant the issuance of this writ.

Third—That the issuance of said writ is contrary to law and not the proper remedy at law, and that there exists already a writ of provisional seizure issued by this Honorable Court on the same property for the same causes and issues that are herein involved, and that the issuance of the writ of sequestration herein is void, illegal and of no effect."

The facts as shown on the trial of the motion to dissolve are that a writ of provisional seizure issued against Mrs. Koy, at the instance of the duly authorized agent of P. F. Herwig, on the 28th January, 1907, on an affidavit unaccompanied by a petition, as authorized by Act. 237 C. P., as amended by Act No. 14, of 1880.

Some time prior to the application for the writ of provisional seizure the effects in the leased property were placed in the hands of Sam H. Stern, an auctioneer, duly licensed and bonded, for sale at public auction and were so duly advertised.

On the day set for the auction sale the writ of provisional seizure was applied for and obtained and the sheriff arrived with this writ and accompanied with plaintiffs counsel, repaired to the place of sale arriving there some five minutes after the sale was opened. The effects had not then been sold, nevertheless the writ was not executed, Herwig's counsel then and there instructing the sheriff not to do so, "because," as the counsel testifies in this cause, "I (he) thought the simplest way was to let the auctioneer sell all the property and seize the proceeds of sale."

The writ was at no time thereafter executed by seizing either the pledged property or the proceeds of its sale, and as the usual petition was not filed on the day succeeding that on which the process issued, C. P. 237, and at no time served, the proceeding abated. On the 7th February, 1907, ten days after the abandonment of the proceedings previously instituted, the instant suit was filed.

No garnishment proceedings were here sued out and no actual levy under the writ of sequestration was made by the sheriff. His execution of this latter writ consisted in his serving a written notification to both Mrs. Koy and Stern, the auction-

eer, that he, the sheriff had: "Seized and demanded possession of money and funds amounting to the sum of $800.00, resulting from the sale of the furniture and effects made by Sam H. Stern, auctioneer, on the premises No. 850 St. Charles St., in this City, on 28th January, 1907."

Neither the specific money realized by the sale, nor any other money of any amount whatsoever, or any property or effects of any nature whatsoever was actually levied upon by the Civil Sheriff or in any manner came into his possession, so far as the record shows.

It is also satisfactorily established by the evidence that Herwig was not only fully advised that Mrs. Koy was going to sell out her effects at auction by the licensed auctioneer, named and on the day stated, but that he had given his full consent thereto, and had even arranged with Mrs. Koy and the auctioneer, that certain effects belonging to Herwig and, which had been left by him on the premises, were also to be sold and were sold, at the same time and place, and by the said auctioneer for account of Herwig.

The argument of plaintiff's counsel is that forasmuch as a writ of sequestration may be obtained in all cases where the plaintiff has a lien and privilege on property, and as Herwig, as lessor, had a lien and privilege on the movable effects of his lessee (Mrs. Koy), which were found in the leased premises, which lien and privilege, it is contended, reverted to and became operative against the proceeds of the sale of such effects, the sequestration sued out properly issued and should have been maintained.

That the lessor has for the payment of his rent and other obligations of the lessee a lien and privilege on, or rather, a right of pledge of, the movable effects which are found on the property leased, is not and may not be questioned, C. C. 2705; but as the law provides that the lessor must exercise the right of seizing such objects which are subject to this pledge, "before the lessee takes them away or within fifteen days after they are taken, if they continue to be the property of the lessee and can be identified", C. C. 2709, it is manifest that where, as in the instant case, the lessor consents to the removal and sale by the lessee of the effects subject to the lessor's pledge, he thereby waives and abandons his lien privilege and pledge, not only on the effects themselves, but on the proceeds of the sale thereof,

41

conceding for the argument that the lien privilege and pledge follow the proceeds, and he thenceforth becomes merely an ordinary creditor of the lessee for the rent due.

Having by waiver and abandonment under the facts herein recited, thus lost his pledge, and not otherwise having a "lien and privilege" on the property which the lessor sought to sequester he was not within the provisions of Paragraph 7, of Art. 275, C. P., which provides that:

"The plaintiff may obtain a sequestration in all cases where he has a lien and privilege on property, upon complying with the requisites provided by law."

But concede, arguendo, that the pledge was not waived and abandoned and that, by operation of law, it reverted and attached to the proceeds of sale of the property, assuredly it cannot be pretended that it attached to anything else than to the identical money which was the proceeds of the sale.

Here it is shown by the sheriff's return and by the answer of the auctioneer, Stern, that no such specific sequestration was or could have been made as the auctioneer had long before the writ of sequestration was sued out, mingled the proceeds of the sale with his own funds, placing the net balance of the proceeds of sale to the credit, on his books, of Mrs. Koy. The auctioneer thenceforth became a debtor of Mrs. Koy for the net proceeds; the identity of proceeds of sale was gone and as the right of the lessor to seize under his pledge must be exercised "before the lessee takes "the pledged property" away, or within fifteen days after they are taken, if they continue to be the property of the lessee *and can be identified,*" C. C. 2709, the pledge was lost. If the thing originally pledged to the lessor must be "identified," after it has been removed in order to warrant seizure under his pledge, so also must the proceeds of its sale be "identified" to maintain the privilege on it.

But be all this as it may, there yet remains a fatal objection to the maintenance of the writ, and that is that there was absolutely no cause for apprehending that the thing on which it is alleged the lien and privilege operated would be removed out of the State before the plaintiffs could have the benefit of the lien and privilege claimed.

As previously stated, plaintiffs base their right to the writ under the seventh paragraph of Art. 275, C. P. This paragraph authorizes the issuance of a sequestration in all cases where the

plaintiff has a lien or privilege on property, "upon complying with the requisites provided by law," and it is well settled that "the requisites provided by law" under this paragraph of the Code, of Practice, are the same as under section or paragraph 6 of the same article which is to the effect that the writ will issue if the plaintiff apprehends that the property on which he has a mortgage (or as in the case of paragraph 7—a lien or privilege,) will be "removed out of the State before he can have the benefit of his mortgage " or lien or privilege, *"and will make oath of the facts which induced his apprehension."* Sellick vs. Kelly, 11 R. 145; 4 A. 456; 5 A. 714; 11 A. 392; 13 A. 595; 20 A. 80; 26 A. 493; 35 A. 832; 36 A. 486.

In the instant cause the plaintiffs make oath to no fact which induced their apprehension that the "funds resulting from the sale aforesaid may be sent out of the jurisdiction of this Court, during the pendency of this suit." They content themselves with the oath simply that they apprehend that this may happen, whereas on the hearing of the motion to dissolve it is made manifest that the funds are in the hands of a person agreed upon by the plaintiffs and the lessee, Mrs. Koy, to-wit, Sam'l H. Stern, who it is admitted by plaintiff's own allegations is a "licensed auctioneer in the City of New Orleans;" who sold the property by consent and agreement of all parties in interest, who is not shown to be about to leave the City or State or to send the funds out of the jurisdiction of the Court, but who on the contrary by his answer herein admits that he has to the credit of Mrs. Koy the sum of $548.44, the net proceeds of the sale; that he does not know to whom to pay over the said sum of money; and that he holds himself ready to pay it over to whomsoever the Court may order him to pay it.

Thus it is completely shown that there exists no cause for the apprehension of the auctioneer sending the funds out of the jurisdiction of the Court.

It is not any privilege or mortgage which the creditor has on the property but the circumstances which causes him to apprehend that its removal may deprive him of his recourse upon it, that gives the right of sequestration.

Selleck vs. Kelly, et al., 11 R. 145, and cases cited supra.

It being shown that no circumstances exists to justify any such apprehension in the instant cause, the writ, if for this reason alone, was properly dissolved.

There is no error in the Interlocutory Judgment appealed from and it is affirmed.

November 25, 1907.

Rehearing refused, December 30, 1907.